UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONICA SMITH,

    Plaintiff,

v.                                                                                  CASE NO.:

A CRANE RENTAL LLC, and
KEITH LESTER, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MONICA SMITH ("Plaintiff"), hereby sues the Defendants, A CRANE RENTAL LLC ("A CRANE") and KEITH LESTER ("LESTER") (collectively "Defendants") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action is brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA") and the Florida's Private Whistleblower Act, Fla. Stat. § 448.101, et seq. ("FPWA") arising from Defendants' unlawful retaliation against Plaintiff because she objected to, and filed a complaint with the U.S. Department of Labor, about unpaid overtime compensation.

2. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state FPWA claims asserted herein which are so related to the federal claims that they form part of the same

case or controversy.

3. Venue is proper in this Court because all facts material to all claims set forth herein occurred in Pinellas County, Florida.

4. At all times material, Plaintiff is and was a resident of Pinellas County, Florida.

5. At all times material, Defendant A CRANE was/is a foreign limited liability company authorized to conduct business in the State of Florida, with its principal place of business at 11410 58th Street N., Pinellas Park, FL 33782.

6. At all times material, Defendant LESTER is and was a resident of Pinellas County.

## **GENERAL ALLEGATIONS**

7. Defendant A CRANE is a company that provides crane rental services throughout Pennsylvania, Georgia and Florida.

8. Defendant LESTER is the Vice President of Business Development and Special Projects of A CRANE. In that position, LESTER exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

9. Defendants are employers as defined by the FLSA and FPWA.

10. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times

had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

11. Plaintiff was engaged in interstate commerce during her employment with Defendants.

12. Plaintiff was employed by Defendants during the relevant time period as an hourly accounts receivable worker/office manager.  As an hourly accounts receivable worker/office manager, Plaintiff regularly utilized the internet, telephone and interstate wires to engage in interstate communications with customers, particularly out-of-state landlords.

13. As an hourly accounts receivable worker/office manager, Plaintiff regularly handled and worked on goods and materials that have been moved in or produced for interstate commerce.

14. Plaintiff was an employee of Defendants under the FLSA and FPWA.

15. Plaintiff was employed by Defendants from January 2018 through November 19, 2020.  Plaintiff was entitled to overtime compensation for all hours worked over 40 in every workweek.

16. Defendants failed to comply with the FLSA because Plaintiff worked in excess of forty (40) hours in at least one workweek but was not paid overtime compensation as required by the FLSA.

17. Defendant LESTER is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the

power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

18. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated. Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

19. In late September 2020, Plaintiff complained to management about Defendants' unlawful pay practices – refusal to pay overtime compensation – which were violative of the FLSA. Defendants responded by informing Plaintiff that the company has a policy or practice of not paying overtime.

20. On or about September 28, 2020, Plaintiff complained to U.S. Department of Labor ("DOL") about Defendants' policy or practice of not paying overtime. The DOL found that Plaintiff was indeed owed unpaid back overtime compensation.

21. In response to Plaintiff's complaints, Defendants immediately began retaliating against her. The company decided to fire Plaintiff immediately after she complained about the company's policy or practice of not paying overtime compensation. The Vice President even warned her that her tenure was likely over soon after the company learned of the complaint.

22. Further retaliating against Plaintiff, Defendants terminated Plaintiff's employment on November 19, 2020. Management gave Plaintiff no reason for her

termination, but the Vice President did accuse her of being a "dyke" and a "bully" for filing a complaint.

23. A CRANE's Vice President further retaliated against Plaintiff by withholding her final paycheck. In fact, he expressly instructed Plaintiff that she would not receive her final paycheck unless she signed a "Confidential Separation Agreement and General Release," in which she would be required to, *inter alia*, "cooperate with A Crane and its employees during its transition" of her duties, waive and release any and all claims she may have against the company, including under the FLSA, agree not to "disparage or defame" the company, and submit to arbitration in Pittsburgh, Pennsylvania.

24. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## **RETALIATION – FLSA**
## **(BOTH DEFENDANTS)**

25. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 24 as if fully restated herein.

26. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding...."

27. By objecting to management and to the DOL about Defendants' unlawful pay policies and practices which were violative of the FLSA, Plaintiff engaged in an activity protected by the FLSA.

28. By being discharged and suffering other retaliatory adverse actions alleged herein, Plaintiff suffered an adverse action by Defendants immediately subsequent to, and because of, her protected activity.

29. Plaintiff's termination was directly caused by, and was a result of, her protected activity.

30. By discharging Plaintiff and engaging in the other retaliatory conduct alleged herein because of her statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 U.S.C. § 215(a).

31. Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of: (i) Economic damages, including lost wages, benefits, and other remuneration; (ii) Reinstatement of full fringe benefits; (iii) Front and back pay; (iv) Liquidated damages; (v) Any other compensatory damages allowable under the law, including emotional distress damages; (vi) Attorneys' fees and costs pursuant to the FLSA; (vii) Prejudgment and post-judgment interest; and (viii) Any other relief the Court deems appropriate.

## COUNT II
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT
## (DEFENDANT A CRANE ONLY)

32. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 24 as if fully restated herein.

33. Defendant A Crane is a corporation that, during the relevant period, employed ten or more persons and is a covered employer under the FPWA.

34. By engaging in unlawful pay policies and practices which were violative of the FLSA, Defendant A Crane engaged in an activity, policy, or practice of Defendant A Crane that is in violation of a law, rule, or regulation.

35. By objecting to management about Defendant A Crane's unlawful pay policies and practices which were violative of the FLSA, Plaintiff objected to an activity, policy, or practice of Defendant A Crane that is in violation of a law, rule, or regulation.

36. By complaining to the DOL about Defendants' unlawful pay policies and practices which were violative of the FLSA, Plaintiff disclosed to an appropriate governmental agency, under oath, in writing, an activity, policy, or practice of Defendant A Crane that is in violation of a law, rule, or regulation.

37. During the DOL investigation into Defendants' unlawful pay policies and practices which were violative of the FLSA, Plaintiff provided information to an appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by Defendant A Crane.

38. Plaintiff engaged in an activity protected by the FPWA.

39. Defendant A Crane terminated Plaintiff's employment and engaged in the other retaliatory adverse actions alleged herein as a direct result of, and in retaliation for, her opposition to the aforestated violations of law, rule or regulation.

40. The retaliatory actions of Defendant constitute a violation of the FPWA.

41. Defendant A Crane's violations of the FPWA were knowing, willful and in reckless disregard of the rights of Plaintiff.

42. As a direct result of the Defendant A Crane's retaliatory actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order awarding:

    a. Back pay and benefits;

    b. Interest on back pay;

    c. Front pay and/or lost earning capacity;

    d. Compensatory damages;

    e. Costs and attorneys' fees;

    f. For such other relief as the Court deems equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 28th day of December, 2020.

Respectfully submitted,

/s/ Jay P. Lechner
**LECHNER LAW**
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
jplechn@jaylechner.com
shelley@jaylechner.com
*Attorneys for Plaintiff*